NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 18-1131

———————————

NESTOR SAROZA,
on behalf of himself and all
other similarly situated,

Appellant

v.

LYONS DOUGHTY & VELDHUIS, P.C.

———————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-17-cv-00523)
District Judge: Honorable Robert B. Kugler

———————————

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2019

Before: AMBRO, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: May 22, 2019)

———————————

OPINION[*]

———————————

AMBRO, Circuit Judge

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Before us is the District Court's *sua sponte* entry of summary judgment dismissing a claim under the Fair Debt Collection Practices Act ("FDCPA"). We conclude the plaintiff did not have a fair opportunity to challenge that entry, and that error was not harmless. Hence we reverse and remand for further proceedings.

## I.    Background

Nestor Saroza incurred a balance of $9,971.55 on his Capital One credit card. A debt collector for Capital One, defendant-appellee Lyons, Doughty & Veldhuis, P.C., filed a lawsuit in state court to collect the debt and sent a collection letter to Saroza. The letter identified the state-court lawsuit and stated an "Amount Due" of $10,053.55, which included an unitemized charge of $82.00 for filing and service costs associated with the lawsuit. Saroza contends this misstated the amount he owed to Capital One because it included the $82.00. On this basis, he brings a claim against Lyons Doughty under the FDCPA.

In response to the claim, Lyons Doughty filed a hybrid motion to dismiss, or in the alternative, motion for summary judgment. (App. 3.) The motion attached a customer agreement stating that Capital One was entitled to recover its court costs from Saroza. (App. 59–64.) It argued that (1) Saroza failed to allege a "consumer" debt as required by the FDCPA, and (2) the collection letter was accurate because the customer agreement entitled Capital One to recover the $82.00 in costs. The second argument, which relied on evidence extrinsic to Saroza's complaint, was clearly the part of the motion that sought summary judgment. (*See* App. 42–46.) In its reply brief, Lyons Doughty expressly withdrew the second argument, stating that "[a]t this stage of the proceedings,

2

Defendant voluntarily withdraws its argument, without prejudice to renew it at a later time." (App. 110.) Due to this withdrawal, the only aspect of Lyons Doughty's motion that remained pending was its motion to dismiss based on Saroza's failure to allege a consumer debt.

While that portion of the motion was pending, the District Court issued a one-page order on November 21, 2017, which "not[ed]" that Lyons Doughty's hybrid motion "presented an affidavit in support of Defendant's motion and a Customer Agreement not relied on in Plaintiff's complaint, which under Fed. R. Civ. P. 12(d) converts the motion into one for summary judgment under Rule 56." (App. 116.) It also "not[ed]" that Lyons Doughty "has since withdrawn its motion for summary judgment." (*Id.*) It further stated that, "under Rule 12(d), 'all parties must be given a reasonable opportunity to present all material that is pertinent to the motion.'" (*Id.*) Thus, "pursuant to Rule 56(f), the Court will convert the pending motion to a motion for summary judgment" and invited the parties to "submit collateral briefs, not to exceed ten (10) pages." (*Id.*)

In response to the order, the parties submitted supplemental briefing. In his brief Saroza addressed only the first argument presented in Lyons Doughty's hybrid motion; he did not address the argument on the customer agreement that Lyons Doughty had expressly withdrawn. In its brief Lyons Doughty, for reasons unknown, addressed both arguments. The briefs were filed on December 18 (though Lyons Doughty filed its brief around 9:00 in the evening). Less than 36 hours later, on the morning of December 20, the District Court granted summary judgment in favor of Lyons Doughty on the very

3

customer-agreement argument that it had expressly withdrawn from its motion. Saroza appeals to us, claiming he did not have an adequate opportunity to oppose that argument.

## II.     Discussion

When a district court converts a motion to dismiss into a motion for summary judgment, it must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Similarly, it may enter summary judgment *sua sponte* for a nonmovant or on grounds not raised by a party, so long as it first "giv[es] notice and a reasonable time to respond[.]" Fed. R. Civ. P. 56(f). A party has adequate notice that summary judgment may be entered on a particular ground when it has "reason to believe the Court might reach the issue and received the fair opportunity to put his best foot forward." *Gibson v. Mayor and Council of Wilmington*, 355 F.3d 215, 224 (3d Cir. 2004) (quotation omitted). To the extent a party believes it needs to gather additional facts through affidavits or discovery, it must demonstrate that need through an affidavit under Fed. R. Civ. P. 56(d).[1] *See Dowling v. City of Philadelphia*, 855 F.2d 136, 139–40 (3d Cir. 1988).

In this case, the District Court's November 21 order appears to have blended the procedures of Rule 12(d) and Rule 56(f). It cited both Rules, which could perhaps be construed as giving notice that it would both convert Lyons Doughty's pending motion to dismiss into a motion for summary judgment, per Rule 12(d), and also consider granting

---

[1] The affidavit rule was moved from Rule 56(f) to Rule 56(d) in the 2010 Amendments to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56 (2010 Advisory Committee Notes).

summary judgment on a ground not raised by either party, per Rule 56(f). But the order's language weighs against that dual interpretation. The sentence citing Rule 56(f) stated the Court would, "pursuant to Rule 56(f), *convert* the pending motion to a motion for summary judgment." (App. 116 (emphasis added).) Combined with the order's prior reference to Rule 12(d), its use of the word "conversion" signaled that the potential grounds for granting summary judgment were those in "the pending motion." (*Id.*) Those grounds, as noted above, were narrowed when Lyons Doughty expressly withdrew the customer-agreement argument in its prior briefing. Our interpretation of the record, therefore, is that "the pending motion" contained only a single live issue—whether Saroza had adequately alleged a "consumer" debt under the FDCPA. It did not encompass the ground on which the District Court ultimately granted summary judgment because that ground was not part of the pending motion that was "converted." Thus we conclude that Saroza did not have adequate notice of the Court's intention to grant summary judgment based on an argument expressly withdrawn by Lyons Doughty.

Saroza should not be faulted for not submitting an affidavit under Rule 56(d) when he received Lyons Doughty's supplemental brief in the evening of December 18. That brief was filed after Saroza had already filed his supplemental brief, and there was no procedure in place for Saroza to respond. He should not be charged with notice of the potential scope of the District Court's summary-judgment ruling based on Lyons Doughty's eleventh-hour reassertion of an argument it had no doubt withdrawn from the scope of its pending motion. Moreover, even if Lyons Doughty's supplemental brief could be the basis for charging Saroza with notice, he did not have a reasonable

5

opportunity to respond to that argument because only a single business day passed between its submission and the Court's entry of summary judgment on the morning of December 20.

Lastly, the lack of adequate notice was not harmless error. In this context, this threshold is met only where "it appears that there is no set of facts on which [the plaintiff] could possibly recover." *Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989). Saroza contends the lack of notice deprived him of the opportunity to demonstrate the customer agreement was inapplicable and submit other rebuttal evidence. We agree with Lyons Doughty that Saroza has not explained precisely how that opportunity would have led to a different result, but we are not persuaded there is "no set of facts" on which Saroza could possibly recover. Hence we cannot affirm for harmless error.

\* \* \* \* \*

Saroza did not have adequate notice that the District Court was considering granting summary judgment in favor of Lyons Doughty on the very argument it had expressly withdrawn from its pending motion, and that lack of notice was not harmless error. We thus reverse the grant of summary judgment and remand for further proceedings. In so doing, we express no view on the merits.

6